# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION FUND, et al, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> H.B. STUBBS COMPANY, n/k/a H.B. STUBBS ) <br> HOLDINGS, INC., a Michigan corporation, ) <br> ) <br> Defendant. ) | 11-cv-1303 <br><br> Judge <br> James B. Zagel |

## MOTION FOR JUDGMENT BY DEFAULT

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Robert T. Oleszkiewicz of Whitfield McGann & Ketterman, and respectfully request that a Judgment by Default be entered against the Defendant, H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation. In support of the motion, the Plaintiffs state as follows:

l.     Plaintiffs filed their Complaint on February 24, 2011 and the Defendant was served with a copy of the Complaint and Summons on March 9, 2011.

2.     The Defendant failed to answer or otherwise plead within the time allowed by the Federal Rules of Civil Procedure.

3.     This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

4.     The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of

Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

5. H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation. is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

6. The Collective Bargaining Agreement also binds H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

7. H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

8. The Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon an auditor's review of the hours worked by employees and/or measured by the hours worked by subcontractors during the period of January 1, 2009 through September 30,

2010. As a result, the Defendant owes $4,167.74 in contributions to the Trust Funds as a consequence of this breach.

9. Plaintiffs have been required to employ the undersigned attorneys to secure payment of the unpaid contributions.

10. H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D). The attorney fees and court costs are $5,814.00, while the audit fees are $9,738.00.

11. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation is obligated to pay any fringe benefit contributions of $4,167.74 as well as $833.55 in liquidated damages and $367.61 in interest.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or
(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a Judgment Order by Default directing the Defendant H.B. STUBBS COMPANY, n/k/a H.B. STUBBS HOLDINGS, INC., a Michigan corporation to pay $20,920.90 to the Plaintiffs.

Respectfully Submitted,

CHICAGO REGIONAL COUNCIL PENSION FUND et al.

By: s/Robert T. Oleszkiewicz
_____
ROBERT T. OLESZKIEWICZ

Robert T. Oleszkiewicz (6190317)
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 251-9700 Fax (312) 251-9701